Nile *v.* The State.

## PETER NILE *v.* THE STATE.

1. CRIMINAL LAW. *Improper conduct of jury.* If the prisoner may have been prejudiced by the improper conduct of the jury, the law will presume he was.

2. SAME. *Practice.* In criminal cases courts should distinctly charge juries that they must look alone to the testimony adduced in evidence before them on the trial, and should not permit one of their number to communicate to them any facts not deposed to in court.

3. SAME. *Same.* Although it is a dangerous practice, affidavits of jurors as to improper conduct of the jury will be looked to, but with caution.

### FROM SEVIER.

Appeal in error from the Circuit Court of Sevier county. J. G. ROSE, J.

G. W. PICKLE for Nile.

ATTORNEY-GENERAL LEA for the State.

Nile *v.* The State.

COOKE, Sp. J., delivered the opinion of the court.

The plaintiff in error was indicted and convicted of petit larceny. In support of a motion for a new trial he introduced the affidavit of one of the jurors who tried the case, which set forth the following statement of facts: "That Henry Proffet, who also was one of jurors, stated, " while we were out deliberating about our case," to his co-jurors in substance as follows: "That he had been a juror before in a case against Peter Nile about some fodder; that it was very common for Peter to be in court, or that he was here every few courts with some charge against him, and that he believed he, defendant, ought to be convicted in this case; that Fulton (the prosecutor) was not impeached."

The court overruled his motion for a new trial, and pronounced sentence upon the finding of the jury, and he has appealed to this court. There is no attempt to contradict the statement contained in this affidavit shown in the record, and the only material question to be determined is, was this statement sufficient to vitiate the verdict, and consequently entitle the plaintiff in error to a new trial? It has repeatedly been held in this State that testimony given to a jury after it has left the presence of the court, vitiates a verdict, because it is not given on oath, and is given without the knowledge of those to be affected by it, and who have, therefore, no opportunity of meeting and repelling it. And that testimony was so given may be shown by the affidavit of the jurors: *Dunston* v. *The State*, 6 Hum., 275; *Wade* v. *Ordway*, 1 Baxt., 240.

It has also been held by this court that it is a dangerous practice to set aside verdicts and grant new trials upon the affidavits of jurors, and it will be done with great caution, and should not be extended beyond where it has already been carried: 3 Hum., 159; 9 Yer., 410. And it is insisted by the Attorney-General that this case does not fall within the principle decided in any of the former cases, and should therefore be affirmed.

It is not necessary that the prisoner should show that he was prejudiced by improper conduct of the jury. It is enough that he may have been, and the law will presume he was: *Sam v. The State*, 1 Swan, 63. In the case of *Morton v. The State*, 1 Lea, 493, while the jury was considering its verdict, one of the jurors stated to his fellows "that the prisoner has heretofore stolen sheep, money and other things from his father." Judge Turney delivering the opinion of the court in that case said: "Such conduct on the part of a juror is quite reprehensible, and will always prejudice the accused."

In this case the statement of the juror to his fellow jurors "that he had been a juror in a case against the defendant before about some fodder; that it was very common for Peter to be in court, or that he was here every few courts with some charge against him, and he believed that he, defendant, ought to be convicted in this case," was not only illegal and inadmissible, if it had been offered in evidence, but was well calculated not only to prejudice the defendants in the minds of the other jurors, but from the manner

in which it is stated, it is plain to be seen that the juror who made the statement was himself influenced by and acting upon it.     The words employed here have very nearly the same significance as those used in the case just referred to, and come directly within the principle reprehended in that case.     In that case the court further says: " Courts should distinctly charge juries in criminal cases that they must look alone to the testimony adduced in evidence before them on the trial; and should not permit one of their number to communicate to them any fact in his knowledge not deposed to in court.     No such charge was given in this case, and while we might not reverse a case for the mere omission to give this instruction unless specifically requested, yet this case does show the importance of the observance of this admonition on the part of trial courts in criminal cases.

There are other questions made by the record, but as they are not likely to recur upon another trial, we deem it unnecessary to notice them further.

For the misconduct of the jury above stated, his Honor, the circuit judge, should have set aside the verdict.     The judgment will therefore be reversed, and the case remanded for another trial.